## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

DONNA BOCHMAN,             :
                                :     CASE NO.:

     Plaintiff,            :
                                :
                                :

     v.                    :     **JURY TRIAL DEMANDED**

CHARTER COMMUNICATIONS, INC.,  :

     Defendant.           :     MARCH 10, 2026

## COMPLAINT

## JURISDICTION AND VENUE

1. This action arises under the Americans with Disabilities Act Amendments Act of 2008 ("ADAAA"), 42 U.S.C. § 12101 *et seq*.

2. The jurisdiction of this court is founded upon 28 U.S.C. §1331 (federal question).

3. Venue is proper in the District of Connecticut pursuant to 28 U.S.C. §1391(b) in that the claims arose in this district and Plaintiff resides in this district.

4. Costs, expert witness fees, and attorney's fees are sought pursuant to 42 U.S.C. §1988.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. The Plaintiff received a Notice of Right to Sue from the Equal Employment Opportunity Commission in Charge No. 523-2024-04633 on December 10, 2025.

## PLAINTIFF

6. The Plaintiff, Donna Bochman ("Plaintiff" or "Ms. Bochman"), is a natural person and resident of the State of New York.

## DEFENDANT

7.   The Defendant, Charter Communications, Inc. ("Defendant" or "Charter")is registered with the State of Connecticut, is authorized to conduct business within the State of Connecticut, and conducts substantial business within the State of Connecticut, having a principal place of business located at 400 Washington Blvd., Stamford, CT 06902, where Ms. Bochman was employed.

8.   Defendant employs more than twenty (20) employees.

## FACTUAL ALLEGATIONS

A.  Ms. Bochman's Employment History with Charter.

9.   Ms. Bochman began working for Charter on July 5, 2015, in the position of Call Center Representative at the Middletown, NY Call Center.

10. Ms. Bochman was qualified for the position of Customer Service Representative and later Operational Readiness Analyst.

11. Ms. Bochman drove over one hour to the Stamford, CT office from her home in Middletown, NY when she got a promotion in 2023.

12. Ms. Bochman suffers from the diagnosed disability of a recurrent herniated disc and nerve damage.

13. She also previously was diagnosed with breast cancer, and the effects of chemotherapy affected her recovery from spinal surgery for a bulging disc in her spine caused by her disability.

14. Ms. Bochman was promoted to Corporate in Stamford, CT in February 2023.

15. In November 2023, she was involved in an motor vehicle accident that ultimately led to her spinal injuries described below.

16. Over her ten years with Charter, Ms. Bochman advanced from Agent to Lead, then Supervisor, then Lead Supervisor, and ultimately was promoted to Corporate.

17. In 2020, she was honored as a Gold Award Recipient—equivalent to Employee of the Year—while working remotely for the entire year, reflecting her strong performance, dedication, and consistent contributions to the company

18. Ms. Bochman has a record of her medical condition.

19. Ms. Bochman is disabled due to her medical condition.

20. Ms. Bochman's medical condition requires ongoing treatment in the form of physical therapy multiple times per week.

21. Ms. Bochman's medical conditions substantially limit one or more of her major life activities, including but not limited to working over an hour from her home, performing her job duties, reading, typing, flexing/extending her neck, strenuous activities such as exercise, and sitting, standing, and driving for extended periods of time.

22. Ms. Bochman's disabilities also substantially limit the major life activity of sitting, including prolonged sitting while driving because driving necessarily requires extended periods of sitting which aggravates her spinal condition.

23. Ms. Bochman notified Charter of her disability in April 2024 and August 2024 when she submitted documentation from her medical provider in support of requests for accommodations.

24. Ms. Bochman informed Charter about her recurrent herniated disc and nerve damage.

25. Charter perceived Ms. Bochman to be disabled and perceived her disability to substantially limit her ability to work in the Connecticut office and drive to and from work over an hour each way.

-3-

26. Ms. Bochman's impairment due to her recurrent herniated disc and nerve damage is chronic as it is continuing, frequently recurring, and will require medical attention and physical therapy in the future.

27. In the alternative, Charter perceived Ms. Bochman to have a physical impairment.

28. In Ms. Bochman's 2024 mid-year review, her manager stated that during the prior six months, Ms. Bochman grew and increased her knowledge of the business. She continued to build relationships with stakeholders while connecting with other pods in various projects.

29. It was also described that Ms. Bochman had shown that she understands the business, from both an SCS perspective as well as SMB.  With the opportunity to take on higher priority projects, Ms. Bochman demonstrated that she is up for any task and challenges that may be encountered, while taking the initiative to connect with those who are able to assist to meet the business needs.

30. Ms. Bochman's 2024 mid-year review also documented that she had shown that she is capable of leading projects and providing results, all while taking into account the goals of the team and business. Ms. Bochman was also described as being clear and concise in providing an agenda for her meetings as well as expectations from each group that has deliverables.

31. The review further provided that she has always been a pleasure to work with, and it has shown in her work.  It also stated that, based on her collaboration with multiple teams within the business, Ms. Bochman has shown that she is up for anything that may come her way and has succeeded at doing so.

32. Ms. Bochman was never subjected to disciplinary action by Charter during her employment.

      B. Ms. Bochman Requests Reasonable Accommodations for Her Disability.

33. On March 12, 2024, Ms. Bochman underwent spinal surgery for her medical condition.

34. In April 2024, Ms. Bochman requested reasonable accommodations for her disability that included her working remotely from home, or in the alternative, her working from a Charter office within five miles of her home in Middletown, NY.

35. Ms. Bochman made this accommodation request as driving over an hour to work and back home exacerbated her medical condition and caused strain on her back, which affected her ability to perform her job duties once she arrived at work.

36. Ms. Bochman made this request because driving over an hour each way exacerbated her medical condition and caused significant strain on her spine, impacting her ability to perform her job duties once she arrived at work.

37. Remote work/Alterative location allowed her to perform the essential functions of her position by enabling her to alternate between sitting, standing, and repositioning as needed.

38. When remote work was initially denied, Ms. Bochman suggested working from the Middletown, NY office, where she had previously worked and was familiar with the staff and building.

39. HR representative Kelli Bulan stated she would need to speak with management regarding this request as this has never been approved before.

40. Ms. Bochman submitted documentation from her medical provider to Charter in support of her accommodations request.

41. After Ms. Bochman submitted her request for accommodation in April 2024, Charter granted the request for her to work remotely from home, but required her to submit monthly accommodations paperwork from her doctors, with which she complied.

42. In August 2024, Ms. Bochman's doctor provided documentation in support of Ms. Bochman's accommodation request for her to either work remotely from home, or in the alternative, for her to work from a Charter office within five miles of her home in Middletown, NY, over the next six months.

43. After receiving her April 2024 request, Charter granted her the ability to work remotely but required her to submit monthly medical documentation, with which she fully complied.

44. The documentation from Ms. Bochman's doctor specifically stated that she was restricted from driving long distances as this caused additional stress on her spine, making recovery from her spinal surgery difficult.

45. The documentation from Ms. Bochman's doctor specifically stated that she was restricted from driving long distances because driving necessarily requires prolonged sitting, which placed additional strain on her spine and interfered with recovery from spinal surgery.

46. The documentation further stated that Ms. Bochman's spinal surgery was complicated, and recovery differs between patients.

47. The documentation further stated that Plaintiff's spinal surgery was complicated and that recovery varies significantly between patients. Plaintiff's physician also noted

-6-

that she is a breast cancer survivor and that the effects of prior chemotherapy impact her body's healing process, making her recovery slower and more medically complex.

48. Since Charter repeatedly required new paperwork despite already having this information, Plaintiff's physician submitted a six-month accommodation request, explaining that he would update the restrictions as her condition improved.

49. On September 4, 2024, Ms. Bochman received an email from HR representative Kelli Bulan informing her that Charter denied her August 2024 accommodation request for six months of remote work.

50. Charter approved remote work only through September 30, 2024, after which she was required to return to the Stamford, CT office.

51. Charter made this decision without engaging in the ADA mandated interactive process or discussing reasonable alternatives for accommodating Ms. Bochman's disability.

52. Charter further informed Ms. Bochman that her accommodation had reached its limit and they were not willing to extend it further, without any reason provided by Charter for the decision.

53. Charter also stated that Ms. Bochman accepted the job knowing it was based in Connecticut, and the company did not want to set a precedent for other employees who commute from New York to make the same request.

54. On September 10, 2024, Ms. Bochman responded to Ms. Bulan, explaining that she would not be physically able to return to the Stamford office by the end of September.

55. She requested the reason for limiting her accommodation to 30 days despite her doctor recommending six months, and she asked how she could appeal the decision. She also

noted that pressuring her to recover within such a short timeframe was detrimental to her health.

56. On September 16, 2024, Ms. Bochman received a reply to her email advising that she should contact the HR Business Partner with this inquiry.

57. Notably, other employees, including Denise Herrera, Vincent Sisco, Devesh Arora, Nikholas Martin, and Andrea Patten, all of whom are not in the same protected class as Ms. Bochman, were permitted by Charter to work remotely from home.   This demonstrated that employees working remotely did not cause undue hardship on Charter.

### C. Ms. Bochman is Forced to Take a Medical Leave of Absence Due to Charter Denying Her Accommodations Request and Resigns Thereafter.

58. Other employees—including Denise Herrera, Vincent Sisco, Devesh Arora, Nikholas Martin, and Andrea Patten—were permitted to work remotely or partially remotely whenever they wished, even after Charter implemented the one-day-per-week in-office policy.

59. This policy was applied inconsistently, with no clear criteria or business justification, and these employees were not required to alter their schedules or commute daily to the office.

60. Two of these employees lived or currently live in Connecticut, making their commute substantially shorter than Plaintiff's.

61. Additionally, employee Andrea Patten worked from a location entirely separate from the Connecticut office where her team was based and was not required to relocate to Connecticut to maintain her position.

62. In September 2024, Ms. Bochman was forced to take a 30-day leave of absence due to Charter's refusal to extend her accommodation to work remotely or from a nearby office.

63. On October 1, 2024, after her leave ended, Plaintiff was left with no option but to resign because Defendant knew she could not safely return to the Stamford, Connecticut office.

64. Defendant was aware that prolonged driving required prolonged sitting, which significantly aggravated Plaintiff's spinal condition, and that returning to the office would place her health at serious risk. Plaintiff also needed employment that did not endanger her health, and Defendant's refusal to accommodate her made continued employment impossible.

65. Ms. Bochman's resignation constitutes a constructive discharge as Charter forced her to resign due to her not being able to physically drive to the Connecticut office from her home in Middletown, NY, due to her disability, and Charter refusing to allow her to work remotely or at an office closer to her home.

66. Plaintiff's resignation constitutes a constructive discharge, as Defendant knew that denying her accommodation and requiring her to return to the Stamford office would force her to resign.

67. As a result of Charter's wrongful conduct, Ms. Bochman has suffered damages.

## COUNT ONE

**DISABILITY DISCRIMINATION,**
**IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT,**
**42  U.S.C. § 12101 *et seq.***

68. Plaintiff hereby re-alleges and reincorporates paragraphs 1-67 with the same force and impact as if fully set forth herein.

69. Plaintiff's recurrent herniated disc and nerve damage qualifies as a disability under the ADAAA

70. Plaintiff's medical condition substantially limited one or more major life activities, including but not limited to sitting for prolonged periods, which in turn limited her ability to drive long distances without significant pain and nerve aggravation. These limitations also affected her ability to perform job duties requiring extended sitting, standing, typing, reading, or maintaining fixed physical positions.

71. Plaintiff has a record of her medical condition.

72. Plaintiff has a documented disability due to her recurrent herniated disc and nerve damage.

73. Plaintiff notified Defendant of her medical condition and disability.

74. Defendant perceived Plaintiff to be disabled due to her recurrent herniated disc and nerve damage. In the alternative, Plaintiff perceived Defendant to have a physical impairment due to her recurrent herniated disc and nerve damage.

75. Defendant had a reasonable basis to believe Plaintiff was physically impaired, as Plaintiff informed Defendant that she had a recurrent herniated disc and nerve damage requiring surgery and ongoing recovery

76. Based on Plaintiff's prior employment performance—including her advancement from Agent to Lead, Supervisor, Lead Supervisor, and ultimately Corporate, as well as her recognition as a 2020 Gold Award Recipient during the COVID-19 pandemic while working entirely remotely from home—Plaintiff was fully qualified to perform the

essential functions of her job. Her award in 2020, earned while working 100% remotely and not from any alternative office location, demonstrates that remote work did not impede her performance and that she excelled under such conditions.

77. Plaintiff was never subjected to disciplinary action by Defendant.

78. Plaintiff was subjected to disparate treatment based upon her disability, including, but not limited to:

    a. Discriminating against Plaintiff due to her disability, failing to engage in the "interactive process," failing to make necessary accommodations, retaliating against Plaintiff after she was provided accommodations, and causing her constructive discharge on October 1, 2024.

79. Plaintiff suffered adverse employment actions, including, but not limited to, the following:

    a. Defendant constructively discharged Plaintiff's employment on October 1, 2024.

80. According to the EEOC guidelines:

> [l]eave as a reasonable accommodation is consistent with this purpose when it enables an employee to return to work following the period of leave. … An employer must consider providing unpaid leave to an employee with a disability as a reasonable accommodation if the employee requires it…. That is the case even when:
>
> - the employer does not offer leave as an employee benefit;
>
> - the employee is not eligible for leave under the employer's policy; or
>
> - the employee has exhausted the leave the employer provides as a benefit (https://www.eeoc.gov/eeoc/publications/ada-leave.cfm).

81. "[T]he ADA does not require an employee to show that a leave of absence is certain or even likely to be successful to prove that it is a reasonable accommodation." …. Rather, "[a]s long as a reasonable accommodation available to the employer could have plausibly enabled a handicapped employee to adequately perform [his] job, an employer is liable for failing to attempt that accommodation." [1]

82. An employee need not be aware of any certain date of recovery in order for leave to qualify as a reasonable accommodation.[2]

83. Defendant failed to provide Plaintiff with accommodations, failed to engage in the ADAAA mandatory "interactive process," and moved hastily to termination, prematurely, in violation of the ADAAA.

84. As a result of the foregoing conduct, Plaintiff has suffered and will continue to suffer damages, including but not limited to lost wages, fringe benefits, health insurance, emotional and psychological distress, stress, anxiety, and loss of the ability to enjoy life's pleasures and activities.

85. Plaintiff seeks damages due to Defendant's misconduct.

**COUNT TWO**

**FAILURE TO ACCOMMODATE,
IN VIOLATION OF THE ADAAA - DISABILITY DISCRIMINATION**

---

[1] Kimbro v. Atlantic Richfield Co., 889 F.2d 869, 879 (9th Cir. 1990))

[2] Lafever v. Acosta, Inc., 2011 U.S. Dist. LEXIS 54808; Brown v. Dunbar Armored, Inc., 2009 U.S. Dist. LEXIS 115572.

86. Plaintiff hereby re-alleges and reincorporates paragraphs 1-85 with the same force and impact as if fully set forth herein.

87. Plaintiff's recurrent herniated disc and nerve damage qualifies as a disability under the ADAAA.

88. Plaintiff's medical condition substantially limited one or more major life activities, including but not limited to prolonged sitting, which in turn limited her ability to drive long distances without significant pain and nerve aggravation.

89. These limitations also affected her ability to perform job duties requiring extended sitting, standing, typing, reading, or maintaining fixed physical positions. Plaintiff has a record of her medical condition.

90. Plaintiff has a documented disability due to her recurrent herniated disc and nerve damage.

91. Plaintiff notified Defendant of her medical condition and disability.

92. Defendant perceived Plaintiff to be disabled due to her recurrent herniated disc and nerve damage. In the alternative, Plaintiff perceived Defendant to have a physical impairment due to her recurrent herniated disc and nerve damage.

93. Defendant had a reasonable basis to believe that Plaintiff was physically impaired as Plaintiff informed Defendant she had recurrent herniated disc and nerve damage that required surgery and recovery after surgery.

94. Defendant failed to accommodate Plaintiff's known disability, by, among other things:

   a. Failing to engage in the interactive process, despite knowing of Plaintiff's disability; and
   b. Constructively discharging Plaintiff's employment on October 1, 2024 after Defendant denied her disability accommodation request.

-13-

95. According to the EEOC guidelines,

> [l]eave as a reasonable accommodation is consistent with this purpose when it enables an employee to return to work following the period of leave. … An employer must consider providing unpaid leave to an employee with a disability as a reasonable accommodation if the employee requires it…. That is the case even when:
>
> - the employer does not offer leave as an employee benefit;
> - the employee is not eligible for leave under the employer's policy; or
> - the employee has exhausted the leave the employer provides as a benefit (https://www.eeoc.gov/eeoc/publications/ada-leave.cfm).

96. "[T]he ADA does not require an employee to show that a leave of absence is certain or even likely to be successful to prove that it is a reasonable   accommodation." …. Rather, "[a]s long as a reasonable accommodation available to the employer could have plausibly enabled a handicapped employee to adequately perform [her] job, an employer is liable for failing to attempt that accommodation." [3]

97. An employee need not be aware of any certain date of recovery in order for leave to qualify as a reasonable accommodation.[4]

---

[3] Kimbro v. Atlantic Richfield Co., 889 F.2d 869. 879 (9th Cir. 1990))

[4] Lafever v. Acosta, Inc., 2011 U.S. Dist. LEXIS 54808; Brown v. Dunbar Armored, Inc., 2009 U.S. Dist. LEXIS 115572.

98.  Remote work has been recognized by courts as a reasonable accommodation under the ADAAA, particularly when it enables an employee to perform the essential functions of the position. Remote work allowed Plaintiff to perform the essential functions of her job and manage her limitations by alternating between sitting, standing, and repositioning as needed, which she could not do while commuting long distances or working in the Stamford office.

99.  Defendant failed to provide Plaintiff with reasonable accommodations, failed to engage in the ADA-mandated interactive process, and constructively discharged Plaintiff in violation of the ADAAA.

100. As a result of Defendant's unlawful conduct, Plaintiff has suffered, and will continue to suffer damages, including but not limited, to substantial lost wages, fringe benefits, health insurance, retirement and pension benefits, mental and emotional distress and the ability to enjoy life's pleasures.

101. Plaintiff seeks damages as a result of Defendant's unlawful conduct.

## COUNT THREE

### DISABILITY RETALIATION
### IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT,
### 42 U.S.C. § 12101 *et seq.*

102.  Plaintiff hereby re-alleges and reincorporates paragraphs 1-101 with the same force and impact as if fully set forth herein.

103.  Plaintiff participated in a protected activity when she requested reasonable accommodations for her disability in April 2024 and August 2024 as she was recovering from spine surgery she had in March 2024.

-15-

104.  Plaintiff engaged in protected activity when she requested reasonable accommodations for her disability in April 2024 and again in August 2024 while recovering from spinal surgery performed in March 2024.

105.  Defendant retaliated against Plaintiff by constructively discharging Plaintiff's employment on October 1, 2024, when they forced her to return back to the office at the end of September 2024 despite this not being physically possible for her as driving over an hour to and from the Stamford, CT office exacerbated her medical condition and pain due to her disability.

106.  Among the factors that motivated Defendant's actions were Plaintiff's recurrent herniated disc and nerve damage, and her request for accommodation.

107.  Defendant's conduct violated 42 U.S.C. § 12101 *et seq.* by discriminating and retaliating against Plaintiff and constructively discharging her employment on October 1, 2024.

108.  As a result of the foregoing conduct, Plaintiff has suffered and will continue to suffer damages including but not limited to lost wages, fringe benefits, health insurance, emotional and psychological distress, stress, anxiety, and loss of the ability to enjoy life's pleasures and activities.

109.  Plaintiff is seeking damages as a result of Defendant's unlawful conduct.

**PRAYER FOR RELIEF**

Wherefore the Plaintiff prays that this court award:

1.  Money damages;

2.  Costs;

3.  Punitive damages, attorney fees, and expert witness fees;

-16-

4.  Pre-judgment interest

5.  Trial by jury; and

6. Such other relief as the Court deems just, fair, and equitable.

THE PLAINTIFF,
DONNA BOCHMAN

By: _____/s/_____
    Michael C. McMinn (#ct27169)
**THE MCMINN EMPLOYMENT**
**LAW FIRM, LLC**
1000 Lafayette Blvd., Suite 1100
Bridgeport, CT 06604
Tel: (203) 683-6007
Fax: (203) 680-9881
michael@mcminnemploymentlaw.com

*COUNSEL FOR PLAINTIFF*